3/3/08 142181 ESM/kc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| 84 Lumber Company, a Pennsylvania Limited Partnership ) | |
| ) | No. 08C-958 |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Amount Claimed: |
| ) | Count I:  $103,880.85 |
| Boss Construction, Inc. and Steven Roger Smith ) | Count II: $103,880.85 |
| ) | |
| Defendants ) | |

### AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, 84 Lumber Company, a Pennsylvania Limited Partnership, by and through its attorneys, Arthur Raphael, Kevin E. Posen, and Edward S. Margolis, and complaining of the Defendants, Boss Construction, Inc. and Steven Roger Smith, states as follows:

### GENERAL ALLEGATIONS OF JURISDICTION AND VENUE

1. Jurisdiction of this Court is conferred by 28 U.S.C. §1332.

2. The Defendant, Boss Construction, Inc., is an Illinois corporation with its principal place of business in this Judicial District.

3. The Defendant, Steven Roger Smith, is a citizen of Illinois and a resident of this Judicial District.

4. The Plaintiff, 84 Lumber Company, is a Pennsylvania Limited Partnership.

5. That the general partner of the Plaintiff is Hardy Holding Company, Inc., a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

6. That the limited partners of the Plaintiff are 84 Associates, Inc., a Pennsylvania corporation, Maggie's Trust, 92 Irrevocable Trust LP, and Margaret Hardy Magerko, 2001 Irrevocable Trust.

7. That the limited partner, 84 Associates, Inc., is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

8. That the sole beneficiary of Margaret Trust, 92 Irrevocable Trust LP and Margaret Hardy Magerko, 2001 Irrevocable Trust is Margaret Hardy Magerko who is a citizen and resident of the State of Pennsylvania.

9. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## COUNT I
### Breach of Contract against Boss Construction, Inc.

10. The Plaintiff restates, realleges, and reaffirms paragraphs 1-7 of the General Allegations as paragraph 1-9 of Count I.

11. That Defendant, Boss Construction, Inc., by and through its president, Steven Roger Smith, applied for credit with the Plaintiff on April 18, 2007, a more fully set out on Exhibit "A" attached hereto and made a part hereof.

12. That Defendant, Boss Construction, Inc., ordered from the Plaintiff certain building materials pursuant to the terms and conditions of the credit application.

13. That the Plaintiff, 84 Lumber, delivered to the Defendant those materials which the Defendant ordered.

14. That the Defendant accepted delivery of the materials ordered, but there remains an unpaid balance due and owing from the Defendant to the Plaintiff as more fully set out on the Itemized Statement attached hereto as Exhibit "B".

15. After giving the Defendant credit for all payments on account, a principal balance remains due and owing from the Defendant to the Plaintiff in the amount of $103,880.85, as more fully set out on Exhibit "B".

16. That due demand has been made and upon the Defendant to pay said outstanding balance, but the Defendant refused and continues in its refusal to pay.

17. By reason of the terms and conditions of the credit application, Plaintiff is entitled to reasonable attorneys' fees on the past due balance in the amount of 18% per annum, plus collection costs including reasonable attorneys' fees.

WHEREFORE, Plaintiff, 84 Lumber Company, a Pennsylvania Limited Partnership, prays for entry of Judgment against the Defendant, Boss Construction, Inc., in a principal amount of $103,880.85, plus costs of collection, including reasonable attorneys' fees, interest at the rate of 18% per annum as is accrues, and costs of suit.

## COUNT II
### Guarantee against Steven Roger Smith

18. The Plaintiff restates, realleges, and reaffirms paragraphs 1-5 of Count I as paragraph 1-17 of Count II.

19. That the Defendant, Steven Roger Smith, "unconditionally and irrevocably personally guaranteed the credit account and payments of any and all amounts due" from the Defendant, Boss Construction, Inc., as more fully set out on Exhibit "A" attached hereto.

20. That due demand has been made upon Defendant, Steven Roger Smith, to pay the principal balance due of $103,880.85, but said Defendant has failed and continues to honor his guarantee in the principal amount of $103,880.85.

WHEREFORE, Plaintiff, 84 Lumber Company, a Pennsylvania Limited Partnership, prays for entry of Judgment against the Defendant, Steven Roger Smith, in a principal amount of $103,880.85, plus costs of collection, including reasonable attorneys' fees, interest at the rate of 18% per annum as is accrues, and costs of suit.

**84 LUMBER COMPANY, A PENNSYLVANIA LIMITED PARTNERSHIP**
Plaintiff herein,


By: /s/Arthur Raphael
      One of its attorneys

Prepared by:
TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams Street--#800
Chicago, Illinois 60603
(312) 922-3030 -- Firm No. 90818