IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| 84 Lumber Company, a Pennsylvania Limited Partnership )<br><br>  Plaintiff, )<br><br>  -vs- )<br><br>Boss Construction, Inc. and<br>Steven Roger Smith )<br><br>  Defendants ) | Case No. 08 C 958 |

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, Boss Construction, Inc. and Steven Roger Smith, for their answer to plaintiff's amended complaint, state as follows:

### GENERAL ALLEGATIONS OF JURISDICTION AND VENUE

1. Jurisdiction of this Court is conferred by 28 U.S.C. §1332.

   **ANSWER:** Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

2. The Defendant, Boss Construction, Inc., is an Illinois corporation with its principal place of business in this Judicial District.

   **ANSWER**:  Admit

3. The Defendant, Steven Roger Smith, is a citizen of Illinois and a resident of this Judicial District.

   **ANSWER**:  Admit

4. The Plaintiff, 84 Lumber Company, is a Pennsylvania Limited Partnership.

**ANSWER**: Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

5. That the general partner of the Plaintiff is Hardy Holding Company, Inc., a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

**ANSWER**: Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

6. That the limited partners of the Plaintiff are 84 Associates, Inc., a Pennsylvania corporation, Maggie's Trust, 92 Irrevocable Trust LP, and Margaret Hardy Magerko, 2001 Irrevocable Trust.

**ANSWER**: Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

7. That the limited partner, 84 Associates, Inc., is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

**ANSWER:** Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

8. That the sole beneficiary of Margaret Trust, 92 Irrevocable Trust LP and Margaret Hardy Magerko, 2001 Irrevocable Trust is Margaret Hardy Magerko who is a citizen and resident of the State of Pennsylvania.

**ANSWER**: Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

9. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**ANSWER**: Admit.

## COUNT I
## Breach of Contract against Boss Construction, Inc.

10. The Plaintiff restates, realleges, and reaffirms paragraphs 1-7 of the General Allegations as paragraph 1-9 of Count I.

**ANSWER**: Defendants restate their answers to paragraphs 1-9 as their to answer to as their answer to this paragraph.

11. That Defendant, Boss Construction, Inc., by and through its president, Steven Roger Smith, applied for credit with the Plaintiff on April 18, 2007, a more fully set out on Exhibit "A" attached hereto and made a part hereof.

**ANSWER**: Defendants state that the exhibit speaks for itself. Defendants deny the remaining allegations.

12. That Defendant, Boss Construction, Inc., ordered from the Plaintiff certain building materials pursuant to the terms and conditions of the credit application.

**ANSWER**: Defendants admit Boss ordered certain goods from the Plaintiff. Defendants deny the remaining allegations in this paragraph.

13. That the Plaintiff, 84 Lumber, delivered to the Defendant those materials which the Defendant ordered.

**ANSWER**: Defendants admit that certain goods which were ordered were delivered. Defendants deny the remaining allegations.

14. That the Defendant accepted delivery of the materials ordered, but there remains an unpaid balance due and owing from the Defendant to the Plaintiff as more fully set out on the Itemized Statement attached hereto as Exhibit "B".

**ANSWER**: Defendants admit that certain goods were accepted. Defendants state the exhibit speaks for itself. Defendants deny the remaining allegations in this paragraph.

15. After giving the Defendant credit for all payments on account, a principal balance remains due and owing from the Defendant to the Plaintiff in the amount of $103,880.85, as more fully set out on Exhibit "B".

**ANSWER**: Defendants deny the allegations in this paragraph.

16. That due demand has been made and upon the Defendant to pay said outstanding balance, but the Defendant refused and continues in its refusal to pay.

**ANSWER**: Defendants admit a demand has been made but deny owing the amounts demanded.

17. By reason of the terms and conditions of the credit application, Plaintiff is entitled to reasonable attorneys' fees on the past due balance in the amount of 18% per annum, plus collection costs including reasonable attorneys' fees.

**ANSWER**: Defendants deny the allegations in this paragraph.

WHEREFORE, Defendant, Boss Construction, Inc., prays the complaint be dismissed and it be awarded costs of suit.

## COUNT II
### Guarantee against Steven Roger Smith

18. The Plaintiff restates, realleges, and reaffirms paragraphs 1-5 of Count I as paragraph 1-17 of Count II.

**ANSWER**: Defendants restate the answers to paragraphs 1-5 of Count I as their answer to this paragraph.

19. That the Defendant, Steven Roger Smith, "unconditionally and irrevocably personally guaranteed the credit account and payments of any and all amounts due" from the Defendant, Boss Construction, Inc., as more fully set out on Exhibit "A" attached hereto.

**ANSWER**: Defendants state the exhibit speaks for itself. Defendants deny the remaining allegations.

20.     That due demand has been made upon Defendant, Steven Roger Smith, to pay the principal balance due of $103,880.85, but said Defendant has failed and continues to honor his guarantee in the principal amount of $103,880.85.

**ANSWER:** Defendants admit a demand has been made but deny owing the amounts demanded.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff breached the contract and is not entitled to recovery thereunder by invoicing Boss for more than the agreed price.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff perpetuated a fraud by quoting one price on materials and invoicing Boss a substantially higher price.

WHEREFORE, the Defendants pray the complaint be dismissed and that they be awarded their costs of suit.

| | |
|---|---|
| Marty J. Schwartz | BOSS CONSTRUCTION, INC., |
| Adam C. Gilgis | and STEVEN ROGER SMITH, |
| Three First National Plaza, Suite 3700 | |
| Chicago, IL 60602 | |
| 312.558.4293 | By:  /s/ Marty J. Schwartz |
| ARDC: 3124462 | One of their attorneys |